UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ALAN BARROWMAN, et al.,<br><br>       Plaintiffs,<br> v.<br><br>WRIGHT MEDICAL<br>TECHNOLOGY, INC., et al.,<br><br>       Defendants. | CASE NO. C15-0717JLR<br><br>ORDER DENYING STIPULATED MOTION |

## I.  INTRODUCTION

Before the court is the parties' stipulated motion to extend the trial date and remaining pre-trial deadlines for several months. (Stip. Mot. (Dkt. # 29).) Having considered the stipulated motion, the relevant portions of the record, and the applicable law, the court denies the parties' stipulated motion without prejudice to refiling a stipulated motion that complies with the principles set forth in this order.

//

## II. BACKGROUND & ANALYSIS

Defendants Wright Medical Technology, Inc., RTI Surgery, Inc., and Regeneration Technologies, Inc., removed this lawsuit to federal court on May 7, 2015. (*See* Not. of Removal (Dkt. # 1).) After initially setting a November 28, 2016, trial date (*see* 1st Sched. Order (Dkt. # 13) at 1), on April 22, 2016, the court granted the parties' stipulated to motion to extend the trial date to October 2, 2017 (*see* 2d Sched. Order (Dkt. # 20) at 1.) On February 10, 2017, the court granted the parties' stipulated motion to extend the expert witness disclosure deadline, the discovery cutoff, and the dispositive motions deadline. (*See* 2/10/17 Order (Dkt. # 24).)

Pursuant to Federal Rule of Civil Procedure 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The Rule 16 "good cause" standard focuses on the diligence of the party seeking to modify the pretrial scheduling order. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W. Va. 1995). In part, the "good cause" standard requires the parties to demonstrate that "noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding [the parties'] diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *Jackson*, 186 F.R.D. at 608. Further, the court's scheduling orders state that the dates are "firm," "[t]he court will alter these dates only upon good cause shown,"

and the court does not recognize a failure to complete discovery within the time allowed as good cause. (1st Sched. Order at 2; 2d Sched. Order at 2.)

The parties seek to continue the trial date to February 12, 2018, and the remaining pretrial deadlines for several months. (Stip. Mot. at 3.) They contend that despite their diligent efforts to complete discovery, "[i]t has become apparent to the parties, as discovery has proceeded, that additional time is needed to conduct discovery, including scheduling out of state depositions of fact witnesses and experts." (*Id.* at 2.) In addition, the parties contend that allowing them extra time to complete discovery "will facilitate discussions regarding settlement." (*Id.* at 3.)

Even though the parties have diligently engaged in discovery, there is no indication that this case has developed in a way the parties "could not have . . . reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference." *Jackson*, 186 F.R.D. at 608; *Fox v. State Farm Ins. Co.*, No. C15-0535RAJ, 2016 WL 304784, at *4 (W.D. Wash. Jan. 26, 2016) (finding that settlement negotiations do not necessarily constitute good cause to modify a scheduling order); (*see generally* Stip. Mot.) Moreover, the court's practice is to set any trial continuance to the end of the court's trial calendar. In contravention of the court's typical practice, the parties seek to set trial for February 12, 2018 (*see* Stip. Mot. at 3), which would require the court to move other trials on its trial calendar.

For these reasons, the court finds that the parties have not established good cause to continue the remaining pretrial deadlines and the trial date. Accordingly, the court denies the parties' stipulated motion. However, if the parties would like to move their

trial date to the end of the court's trial calendar, they may so stipulate and file a stipulated motion demonstrating this case has evolved in a manner the parties could not have reasonably foreseen earlier. *See Jackson*, 186 F.R.D. at 608. The court is currently setting trials in September 2018.

### III. CONCLUSION

For the foregoing reasons, the court DENIES the parties' stipulated motion to extend the trial date and remaining pretrial deadlines (Dkt. # 29) without prejudice to refiling a stipulated motion that complies with the principles set forth in this order.

Dated this 25th day of May, 2017.

JAMES L. ROBART
United States District Judge